IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-119-CR




JOE GARY RIVAS, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL

DISTRICT

NO. CR90-0254-B, HONORABLE DICK ALCALA, JUDGE


 





PER CURIAM

 A jury found appellant guilty of theft by receiving stolen property having a value
of at least $750 but less than $20,000. Tex. Penal Code Ann. § 31.03 (Supp. 1992). The district
court assessed punishment, enhanced by a previous felony conviction, at imprisonment for
eighteen years and a $5000 fine.

 The Tres Rios Trading Post in San Angelo was burglarized on the night of
March 15, 1990. Many items were taken, including jewelry, knives, swords, and shirts. Charles
Robertson later confessed to police that he was the burglar, and he testified for the State at
appellant's trial. Robertson testified that he took the stolen goods to appellant, who was to sell
them for him. Robertson testified that he told appellant the items were stolen. Most of the stolen
property was recovered during a search of appellant's house and garage. Appellant does not
contest the sufficiency of the evidence.

 Police recorded a telephone conversation between Robertson and appellant. During
this conversation, Robertson told appellant that he had some "real hot" guns. Appellant replied that he wanted them, and agreed to pay Robertson $50. By point of error, appellant
contends the district court erred by admitting this portion of the recording because Robertson in
fact did not have guns for sale, the purpose of the conversation was to trap appellant, and the
evidence was irrelevant.

 Although appellant objected to the admission of the tape, he did not state a ground
for the objection. Thus, he failed to preserve this point for appeal. Tex. R. Crim. Evid. Ann.
103 (Pamph. 1991). In any event, the evidence was relevant and admissible to prove appellant's
knowledge. To convict appellant, it was necessary for the State to prove that he appropriated the
property knowing it was stolen. Evidence that he was willing to purchase other stolen property
was a circumstance tending to prove that element of the State's case. The point of error is
overruled.

 Appellant next complains of the admission in evidence of a sword. Appellant
contends that the sword was inadmissible because it was not one of the stolen items described in
the indictment. Brent Philen, owner of the Trading Post, identified the sword and testified that
it was taken during the burglary. It was res gestae of the burglary, and the court did not err by
admitting it. Dorsett v. State, 496 S.W.2d 98 (Tex. Crim. App. 1973).

 Finally, appellant urges that the district court erred by refusing to permit him to
ask Philen if he owed his landlord money. Appellant does not explain why he thinks this question
was relevant. Appellant testified that he owned the building in which the Trading Post was
located. If he wanted to claim that he had taken Philen's property in lieu of rent he could have
done so in his own testimony. He did not. Instead, appellant testified that he gave Robertson
permission to store property in his garage. According to appellant, he believed that the property
in question belonged to Robertson, did not know that it belonged to Philen, and did not know that
it was stolen. No error is presented.

 The judgment of conviction is affirmed.



[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: February 5, 1992

[Do Not Publish]